|   |   |
|---|---|
| 1 | Michael J. Leahy (Bar No. 82247) |
|   | Eugenie Gifford Baumann (Bar No. 166680) |
| 2 | HAIGHT BROWN & BONESTEEL LLP |
|   | 6080 Center Drive, Suite 800 |
| 3 | Los Angeles, CA 90045-1574 |
|   | Telephone: 310.215.7100 |
| 4 | Facsimile: 310.215.7300 |
| 5 | Attorneys for Plaintiff AMLIN CORPORATE MEMBER LTD. |

**FILED**

2009 SEP 23  AM 11: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AMLIN CORPORATE MEMBER LTD., individually as the Leading Lloyd's Underwriter Subscribing for its Share of the Limits of Policy No. B085608601123,

Plaintiff,

v.

GLOBAL ACCENTS, INC.; GLOBAL TRADE AND CONSULTATION, INC.,

Defendants.

Case No. CV09-06913 FMC (CWx)

**COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**

Plaintiff Amlin Corporate Member Ltd., individually as the leading Lloyd's Underwriter subscribing for its share of the limits of Policy No. B085608601123 ("Plaintiff") alleges:

### **JURISDICTION**

1. Plaintiff is, and was at all times mentioned herein, a limited liability company organized and existing under the laws of the United Kingdom, having its principal place of business in London, England. Plaintiff is the sole underwriting member of Lloyd's Syndicate 2001 which was the leading underwriter, subscribing severally and not jointly to Policy Number B085608G01123 issued to Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CU99-0000003
3588198.1

1

COMPLAINT FOR DECLARATORY
JUDGMENT

2.   Plaintiff is informed and believes, and thereon alleges, that defendant Global Accents, Inc. ("Global Accents") is a corporation incorporated under the laws of the State of California and having its principal place of business in the State of California.

3.   Plaintiff is informed and believes, and thereon alleges, that defendant Global Trade and Consultation, Inc. ("Global Trade"). Global Accents and Global Trade are referred to herein collectively as "Defendants."

4.   The jurisdiction of this court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5.   The Defendant resides in this district; this claim arises in this district.

## FIRST CLAIM FOR DECLARATORY RELIEF
### (Against All Defendants)

6.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 and incorporates same by reference herein as though fully set forth.

7.   Plaintiff is informed and believes, and thereupon alleges, that each of the defendants was the agent, representative, principal, and/or employee of the other, and in so doing the acts hereinafter alleged, was acting within the course and scope of said agency or employment, with the approval, knowledge, authority, acquiescence and/or ratification of the other.

8.   Plaintiff subscribed to the following policy of cargo direct insurance: Policy No. B085608G01123, effective from May 5, 2008 to May 4, 2009 ("the Policy"), a true and correct copy of which is attached hereto as Exhibit "A." The Policy covered "[g]oods and/or merchandise of every description incidental to the Insured's business, consisting principally of, but not limited to, import/export/distribution of home furnishings including rugs, ottomans, bedding,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CU99-0000003
3588198.1

2

COMPLAINT FOR DECLARATORY
JUDGMENT

drapes, wall hangings, tapestries and like accessories...." The applicable policy limits for stock losses occurring at Defendants' warehouse, located in Torrance, California, were $5,000,000.

9. On May 4, 2009, the Policy expired as scheduled, and was not renewed by Defendants. Rather, Defendants chose to place the risk with another carrier and purchased replacement insurance from Fireman's Fund Insurance Company.

10. On July 1, 2009, Defendants discovered for the first time evidence of infestation of their warehouse with moths and other insects and resultant damage to some or all of the carpets, held as stock for sale, located in the warehouse. At no time prior to July 1, 2009 did the damage manifest itself or become known to the Defendants.

11. Notwithstanding the fact that the claimed damage did not manifest until after the expiration of the Policy, on or about July 16, 2009, Defendants submitted a claim to Plaintiff for payment of such damages, alleged by Defendants to be in excess of the applicable limits of the Policy. Plaintiffs contend that, although they were not aware of any of the claimed damages until after the Policy expired, they are nonetheless entitled to coverage under said expired Policy.

12. An actual controversy exists between Plaintiff and the Defendants, and each of them, in that Plaintiff contends that there is no coverage for the Defendants' loss due to insect infestation, because the damage did not manifest until after the expiration of the Policy.

13. Plaintiff is informed and believes, and thereon alleges, that additional terms, exclusions and/or conditions of the Policy many operate to limit and/or preclude coverage for the Defendants' loss due to insect infestation.

14. Defendants are informed and believe and thereon allege that the Defendants, and each of them, contend to the contrary and contend affirmatively that the Policy affords coverage for Defendants' loss due to insect infestation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CU99-0000003
3588198.1

3

COMPLAINT FOR DECLARATORY JUDGMENT

15. Plaintiff desires a judicial determination pursuant to 28 U.S.C. §2201, of the respective, rights, duties and obligations of the parties under the aforementioned Policy with respect to the claim asserted by Defendants.

16. A judicial determination is both necessary and appropriate at this time in order that the parties may ascertain their respective rights, obligations and liabilities, if any, with reference to Defendants' loss due to insect infestation.

## SECOND CLAIM FOR REIMBURSEMENT
### (Against All Defendants)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 and incorporates same by reference herein as though fully set forth.

18. Concurrently with the filing of this lawsuit, as an accommodation to Defendants, Plaintiff has issued to Defendants a draft in the amount of $472,000.00, representing the claimed costs of fumigation of the warehouse. The referenced payment is made subject to a full and complete reservation of Plaintiff's rights to seek reimbursement of that sum, and any other sums to be paid, based upon the lack of coverage under the Policy for Defendants' loss due to insect infestation.

19. Plaintiff is entitled to reimbursement and recoupment of the referenced sum, and any and all other payments made to or on behalf of Defendants with respect to their loss due to insect infestation, because there is no coverage for such loss under the Policy as the damage did not manifest until after the expiration of the Policy.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For a declaration that there is no coverage under Policy No. B085608G01123 and, accordingly, that Plaintiff has no obligation to pay any sums under said Policy for Defendants' loss due to insect infestation;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CU99-0000003
3588198.1

4

COMPLAINT FOR DECLARATORY
JUDGMENT

2. For reimbursement of sums paid by Plaintiff to or on behalf of Defendants with respect to their loss due to insect infestation, in an amount in excess of $75,000;

3. For costs of suit herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: September 23, 2009

HAIGHT BROWN & BONESTEEL LLP

By: _____
Michael J. Leahy
Eugenie Gifford Baumann
Attorneys for Plaintiff
AMLIN CORPORATE MEMBER LTD.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CU99-0000003
3588198.1

5

COMPLAINT FOR DECLARATORY JUDGMENT